IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OMNIGON COMMUNICATIONS, LLC, )
                               )
         Plaintiff,             )
                               )
v.                              )    **Civil Action No.** _____
                               )
IMMERSION MEDIA, INC.,      )
                               )
         Defendant.        )

## NOTICE OF REMOVAL

Defendant Immersion Media, Inc. ("Immersion"), by and through undersigned counsel, hereby gives notice of removal pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 of Civil Action No. 653610-2014, filed in the Supreme Court for the City of New York, New York County. Immersion respectfully states the following as grounds for removal of this action:

1.      Plaintiff initiated a state court proceeding on November 21, 2014, 2014 styled as *Omnigon Communications, LLC v. Immersion Media, Inc.,* No. 653610-2014, in the Supreme Court for the City of New York, New York County. Plaintiff served Immersion with Summons and Complaint on November 24, 2014. No further proceedings have been had in the state court matter.

2.      Plaintiff's Complaint purports to allege causes of action for breach of contract, unjust enrichment, conversion, and breach of confidentiality and non-solicitation clauses in a contract between the parties. Plaintiff's Complaint seeks compensatory damages in the amount of $50,000.00 for each of its first three claims. Plaintiff additionally alleges it suffered the following damages due to Immersion: penalties from third party Verizon in the amount of 20% of the value of the Project, monies paid to additional parties hired to complete work Immersion

allegedly failed to complete, and damage to its goodwill. For these alleged injuries, Plaintiff seeks compensatory damages, as well as consequential damages, special and/or general damages, interest, attorneys' fees, and costs. In light of these claims, the amount in controversy in this action plainly is in excess of $75,000.00, apart from interest, and costs.

3. On information and belief, Plaintiff Omnigon Communications, LLC was, at the time this action was commenced and filed in state court, and continues to be, a limited liability company with its principal office and place of business in New York, New York.

4. Immersion was, at the time this action was commenced and filed in state court, and continues to be, a North Carolina limited liability company with its principal office and place of business in Fayetteville, North Carolina.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) because there is complete diversity of citizenship between Plaintiff and Immersion and because the amount in controversy exceeds $75,000.00.

6. By reason of the foregoing, Immersion desires and is entitled to have the entirety of Plaintiff's state court proceeding removed from the Supreme Court for the City of New York, New York County to the United States District Court for the Southern District of New York.

7. Immersion respectfully requests that this United States District Court accept this Notice of Removal, assume jurisdiction of the case, and issue such orders and processes as may be necessary going forward.

8. Pursuant to the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt and service of the Complaint on Immersion.

9. Pursuant to 28 U.S.C. § 1446(d), Immersion will give written notice of the filing to Plaintiff, and a Notice to State Court will be filed with the Clerk of the Supreme Court for the

City of New York, New York County.

10.     Copies of all process, pleadings, and orders served on Immersion in the State Court action are attached hereto as **Exhibit 1**.

WHEREFORE, Defendant Immersion Media, Inc. prays that the action now pending against it in the Supreme Court for the City of New York, New York County, be removed to the United States District Court for the Southern District of New York.

Dated: December 22, 2014
       New York, NY

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
        Edward H. Rosenthal
        Andrew D. Jacobs
    488 Madison Avenue
    New York, NY 10022
    Tel: (212) 980-0120
    Fax: (212) 593-9175
    erosenthal@fkks.com
    ajacobs@fkks.com

*Attorneys for Immersion Media, Inc.*

EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
─────────────────────────────────────X

OMNIGON COMMUNICATIONS, LLC

                    Plaintiff/Petitioner,

        - against -                          Index No. 653610/2014

IMMERSION MEDIA, INC.

                    Defendant/Respondent.
─────────────────────────────────────X
```

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 11/21/2014

_____ (Signature)

Luc Ulmet                (Name)

Kuzas Neu, P.C.          (Firm Name)

318 Newman Springs Road, Red (Address)
Bank, NJ 07701

_____

646-351-1196             (Phone)

luc.ulmet@kuzasneu.com   (E-Mail)

To:     Immersion Media, Inc.
        1922 Fort Bragg Rd.
        Fayetteville, NC 28303

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------ X    **SUMMONS WITH COMPLAINT**

OMNIGON COMMUNICATIONS, LLC          '    Index No. 653610
                     Plaintiff (s)

         -against-

IMMERSION MEDIA, INC.                 '
                    Defendant(s)    Date Index No. purchased
------------------------------------------------ X    November 21 , 20 14

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint
of the plaintiff and to serve a copy of your answer on the plaintiff(s) at the
address set forth below, and to do so within 20 days after the service of
this Summons (not counting the day of service itself), or within 30 days
after service is complete if the summons is not delivered personally to
you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a
judgment will be entered against you by default for the relief demanded
below.

Dated: 11/21/14       , 201 4

                              Luc Ulmet, Esq. - Attorney for the Plaintiff
                              318 Newman Springs Rd
                              Red Bank, NJ 07701

                              646-351-1196
                            Your address and telephone number

Defendant (s)      1922 Fort Bragg Rd, Fayetteville, NC 28303
                   Address(es) of party being sued

Kuzas Neu P.C.
318 Newman Springs Road
Red Bank, NJ 07701
Phone: 646-351-1196
Fax: 866-642-6260
Attorneys for the Plaintiff

---

OMNIGON COMMUNICATIONS, LLC,

    Plaintiff,

    vs

IMMERSION MEDIA INC

    Defendant.

SUPREME COURT FOR THE CITY OF
NEW YORK, NEW YORK COUNTY

INDEX NO.: 65 36 10 - 2014

**COMPLAINT**

---

1. Plaintiff Omnigon Communications, LLC ("Omnigon" or "Plaintiff"), located at 1261 Broadway Suite 200, New York, NY 10001, by way of Complaint against the Defendant, Immersion Media ("Immersion" or "Defendant"), says as follows:

2. Defendant, Immersion Media, Inc. is located at 1922 Fort Bragg Rd, Fayetteville, NC 28303.

3. Omnigon is a digital consulting firm that provides technology services to companies in the sports, media and entertainment industries.

4. Verizon Sourcing, LLC ("Verizon") contracted with Omnigon and hired Omnigon to perform certain technology services related to the Indy Car project.

5. Omnigon in turn sub-contracted some of the services by hiring Immersion Media to perform certain tasks (the "Project") and provide Omnigon with certain finished products and services (the "Deliverables").

6. Immersion failed to provide Omnigon with the finished Deliverables that Immersion was hired

1

to provide.

7. Based on information and belief, Immersion Media is a company that does 3D work for various business entities.

8. The Parties began negotiating in January 2014, and Immersion began performing work for Omnigon on the Verizon Project soon thereafter.

9. The Parties also started negotiating a Master Service Agreement ("MSA") that would cover the relationship between the Parties.

10. On August 7, 2014 the Parties executed the written MSA.

11. In January of 2014, Omnigon paid Immersion Media $50,000 as an advance for the work Immersion was supposed to perform on the Project.

12. The parties agreed that Immersion was to submit the Deliverables to Omnigon in accordance with certain deadlines.

13. In accordance with the MSA, Omnigon had the right to inspect and test all Deliverables to ensure that they correspond with the requirements in the MSA. **Exhibit A**, MSA, Section 3(a).

14. Immersion submitted Deliverables that did not meet the applicable requirements and were considered non-conforming by Omnigon.

15. The MSA provided that if the Deliverables are non-conforming, Omnigon may reject them.

16. Immersion then had the opportunity to remedy the defects during a "Correction Period" and re-submit the Deliverable.

17. If Omnigon upon a second inspection still concludes that the Deliverables are non-conforming, Omnigon may reject those Deliverables.

18. Over the course of the Project, Omnigon rejected a large number of the Deliverables submitted by Immersion.

2

19. In August, 2014, Omnigon requested Immersion cease performing any work as it related to the Verizon Project due to significant delays by Immersion, the large number of rejected Deliverables, and the overall inability by Immersion to provide a satisfactory finished product.

20. Due to Immersion's failure to provide the Deliverables, Omnigon was unable to provide Verizon with the Deliverables in accordance with the agreed upon timeline to Verizon.

21. As a result of this failure, Verizon penalized Omnigon for the delay.

22. More specifically, the contract between Omnigon and Verizon provides that if Omnigon is late in providing the Deliverables pursuant to SOW 1, Section 16 of the agreement between Verizon and Omnigon, Omnigon may be penalized up to 20% of the value of the specific Project or Deliverable.

23. Additionally, Omnigon was forced to hire additional parties to perform the work Immersion failed to perform.

24. The MSA provides that Immersion is responsible for any penalties imposed by Verizon upon Omnigon and related to the work performed by Immersion.

> The compensation owing under this Agreement will be reduced by any and all expenses, penalties, setoffs, and credits suffered by Omnigon in connection with the ASP Agreement ("Performance Penalty") that are the result of or related to the services provided by Contractor in accordance with any of the following: (1) failure to complete Services and deliver Deliverables according to the specifications and milestones set forth in a SOW; (2) the failure of the Deliverables to function in accordance with any applicable SLA; or (3) any Performance Penalty issued to Omnigon by Verizon.

Exhibit A, MSA, Section 3(f).

25. Immersion failed to perform as required under the MSA and because of that failure, Verizon penalized Omnigon.

26. Following Immersion's failure to perform, Omnigon terminated the contract with Immersion.

27. Even though Immersion failed to provide the services it was hired to perform, Immersion failed to return the $50,000 advance that it received from Omnigon.

28. Subsequently, Omnigon was forced to hire a third party and expend additional resources to perform the work Immersion failed to perform.

29. Thus, Omnigon suffered losses as a result of Immersion's failure to perform.

## I.     BREACH OF CONTRACT

30. Plaintiff incorporates by reference the above paragraphs as if set forth at length herein.

31. Plaintiff and Defendant entered into a contract that required Defendant to provide certain services to Plaintiff.

32. Defendant acted in breach of the contract and failed to provide the finished products that Defendant was required to provide.

33. Defendant refused to return the advance it received from Omnigon.

34. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

## II.     UNJUST ENRICHMENT

35. Plaintiff incorporates by reference the above paragraphs of this Complaint as if set forth at length herein.

36. Plaintiff provided payment in the amount of $50,000 to the Defendant in good faith and with the expectation that Defendant would provide Plaintiff with the required Deliverables.

37. Defendant failed to provide Plaintiff with the Deliverables.

38. Defendant failed to perform the work it was hired to perform.

39. Defendant refused to return the advance it received from Omnigon.

40. To allow the Defendant to benefit from its failure to do the work it was hired to do, would

4

unjustly enrich the Defendant to the Plaintiff's detriment.

## IV. CONVERSION - FAILURE TO COMPENSATE

41. Plaintiff incorporates by reference the above paragraphs of this Complaint as if set forth at length herein.

42. Plaintiff, in good faith, paid Defendant an advance of $50,000 in accordance with the agreement between the parties.

43. Defendant failed to provide the services Defendant was hired to perform, yet Defendant failed to return the $50,000 it received from Plaintiff.

44. Defendant failed return to the Plaintiff the payment Defendant received negligently and/or willfully depriving the Plaintiff of its property.

## V. BREACH OF CONFIDENTIALITY AND NON-SOLICITATION CLAUSES

45. Plaintiff incorporates by reference the above paragraphs of this Complaint as if set forth at length herein.

46. Sections 8 and 9 of the MSA prohibit Defendant from contacting or soliciting Plaintiff's clients or disclosing any confidential information that Defendant learned as a result of its involvement in the Project.

47. Defendant contacted Verizon, NASCAR and other clients of Plaintiff's and disclosed confidential information that Defendant learned as a result of its involvement in the Project.

48. Defendant's conduct is in violation of the MSA.

49. As a result of Defendant's conduct, Plaintiff's reputation and standing with its clients has been affected.

WHEREFORE, due to the foregoing Plaintiff demands judgment against the Defendant

5

as follows:

a.   Awarding compensatory, consequential, special and/or general damages;

b.   Granting injunctive relief in favor of Plaintiff and prohibiting Defendant
     from contacting Plaintiff's clients;

c.   Awarding attorneys' fees and costs of suit, with interest; and

d.   Granting any other relief not specifically set forth above which is either
     required or authorized by law or statute or deemed equitable and just by
     this Court.

Kuzas Neu, P.C.
**Attorneys for the Plaintiff**

BY: _____
      Luc Ulmet, Esq.

## VERIFICATION

Mike Grushin, being duly sworn, deposes and says:

I am the Chief Information Officer of Omnigon Communications, LLC, the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Mike Grushin
Chief Information Officer
Omnigon Communications, LLC

Sworn to before me this 18th day of November, 2014.

Notary Public

LUCIAN ULMET
Notary Public, The State of New York
Registration No. 02UL6281783
Qualified in New York County
Commission Expires 5/13/17

7